The opinion of the Court was delivered by
Fenner, J.
In 1873, the plaintiff obtained judgment against the Parish of East Baton Rouge for the sum of $2,612, with legal interest from judicial demand, and, in accordance with the Act of 1869, in force at the time, the judgment ordered the Parish authorities to assess and *492 collect a tax for its payment, said tax not, however, to be assessed and collected in one year, but, by agreement between the parties, to be equally divided between the four years .1874, 187 5, 1876 and 1877. On appeal to the Supremo Court, the judgment was affirmed. A tax was levied to pay the judgment, with others, but, in the assessment thereof, the police jury included warrants not covered by the judgments.
O’Conor and other taxpayers then brought' suit, enjoining the collection of the tax and asserting the nullity of the judgments.
By final judgment of this Court, the demand for nullity of the judgments was rejected, but the injunction was perpetuated, because the assessment included claims not covered by the judgments, and the Court ordered the police jury to make a new and correct assessment. O’Conor vs. Favrot, et al., 1876, N. R.
All the judgment creditors then joined in a suit, in the nature of a mandamus proceeding, to compel the Parish authorities to assess and collect a tax for their payment. This suit was dismissed in this Court on the ground of misjoinder of parties, reserving the rights of the plaintiffs to assert and enforce their claims according to law. Favrot vs. Parish East Baton Rouge, 30 A. 606.
The present proceeding is taken by plaintiff to enforce the assessment and collection of a tax to pay his judgment.
The defense of tho Parish is throe-fold, viz:
1. That the law authorizing the assessment of a tax to pay the judgment was repealed by the Act of 1877.
2. That the plaintiff cannot enforce the collection of a tax in 1882 that should have been collected in 1874, ’75, ’76 and ’77.
3. That Art. 209 of the Constitution forbids the taxation beyond ten mills, which rato has already been assessed and devoted to other lawful purposes.
The first two defenses have no force. At the date of his judgment plaintiff had the unquestionable right to have a tax levied for its payment. That right, whatever the foundation of the judgment, was a vested one, and under the State Constitution, could not be destroyed by subsequent legislation. The assessment made by the police jury, in obedience to the judgment, having been decreed to be null and void, and tho proper authorities having been ordered to make, a new and correct assessment, that duty continues until performed, and plaintiff cannot be deprived of his right by mere legislative action, nor by delays in its enforcement brought about by legal resistance on the part of the Parish. Shields vs. Pipes, 31 A. 765; State ex rel. Nelson vs. St. Martin, 32 A. 884; Huey vs. Jackson Parish, 33 A. 1092.
It is a mistake to suppose that the later case of State ex rel. Nelson vs. St. Martin, 33 A. 1122, countenances a different view. Under the *493 peculiar circumstances of that case, the Court assumed authority to look beyond the judgment and examine the contract itself on which it was founded.
The case only held that, inasmuch as the contract on which the Relator’s judgment was founded, only entitled him to be paid out of taxes of 1865, 1866,1867 and 1868, he had no contract right to tax in later years. We do not mean to affirm the doctrine in that case, but only to state it.
The third defense, however, is more serious. Unless plaintiff’s judgment was founded on a contract, and is so protected by the federal constitution, it cannot be enforced against the prohibition of Art. 209 of the Constitution, the limit of taxation fixed in which has already been exhausted. State ex rel. Folsom vs. City, 32 A. 709; State ex rel. Nelson vs. St. Martin, id. 884.
We find in this record only, the pleadings in the case in which plaintiff’s judgment was rendered, from which it appears that it was founded on certain warrants held by him, but there is no description of what these warrants were and no copies thereof are found. They may liave embodied in themselves a contract, or they may have been evidences of contract obligations. But they may have been mere acknowledgments of debt arising otherwise than from contract, or mere orders to pay, by one officer of the corporation on another, to satisfy other than contract obligations.
We are unable to say, from this record, that the judgment is founded on a contract, and the petition does not even so allege.
Our duty is to enforce the mandate of the Constitution plenarily, •except so far as restrained by the superior power of the Constitution of the United States. Those who invoke that protection must be panoplied from top to toe.
“If there’s a hole in a’ your coats,
I rede ye tent it.”
Judgment affirmed at appellant’s cost, without prejudice to his right to proceed anew and establish the foundation of his judgment.
Bermudez, C. J., and Poehé, J., concur in the decree.